**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL MCARDELL,

       PLAINTIFF,

v.

                                         CASE NO.: 3:17-cv-131

EAGLEMED LLC.,

       DEFENDANT.

_____/

## **COMPLAINT**

Plaintiff, MICHAEL MCARDELL, (hereinafter referred to as the "PLAINTIFF" or "MCARDELL"), sues the Defendant, EAGLEMED LLC., (hereinafter referred to as the "DEFENDANT" or "EAGLEMED"), and alleges as follows:

### *INTRODUCTION*

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq., to correct unlawful employment practices on the basis of service in the uniformed services, to vindicate Plaintiff's rights and the rights of other employees engaged in uniformed services to fair treatment and equal opportunity and to remedy discrimination on the basis of gender discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

2. Plaintiff is a member of the United State Army and during his employment with the Defendant was a qualified employee engaged in the uniformed services. Defendant

1

interfered with and retaliated against Plaintiff by refusing to schedule or reduced his scheduled shifts and ultimately terminated him for participating in the uniformed services.

## *JURISDICTION AND VENUE*

3. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323 (b).

4. Venue is proper in this district under 38 U.S.C. § 4323 (c)(2) and 28 U.S.C. § 1391 because Defendant maintains its place of business and is located in this district.

## *PARTIES*

5. Plaintiff resides in Escambia County, Florida and is a citizen of the United States. He is an employee within the meaning of 38 U.S.C. § 4303 (3), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes and is a person entitled to the protection of said acts.

6. Defendant, EAGLEMED, (hereinafter, referred to, as "EAGLEMED" or "Defendant"), is a foreign limited liability corporation, headquartered in Wichita, Kansas; and it is authorized to do business in in the State of Florida and conducts business in Escambia County, Florida, wherein it operates EagleMed which provides emergency helicopter medical transportation services. Defendant is located within this judicial district and is an employer within the meaning of 38 U.S.C. § 4303(4) (A) (iii) and (14) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes as it employs more than 15 employees.

7. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

8. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

9. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

10. Plaintiff has complied with all conditions precedent to the filing of this suit.

11. Plaintiff received a determination from the Florida Commission on Human Relation in excess of 180 days after his charge of discrimination had been filed. Plaintiff was issued a "Right to Sue" letter on November 28, 2016, by the United States Equal Employment Opportunity Commission (EEOC).

## *FACTS*

12. Defendant is a provider of 24 hour per day, seven day per week emergency helicopter medical transportation services.

13. Defendant utilizes a fleet of rotary and fixed-wing aircraft, staffed with a pilot, nurse and paramedic.

14. Defendant transports patients facing serious or life-threatening emergencies, while providing medical care during the flight.

15. Plaintiff is a 44-year-old Caucasian male and a member of the United States Army.

16. Plaintiff was first employed by EagleMed as a Flight Paramedic on a part-time basis, where he worked part-time for EagleMed and for an ambulance company that was a customer of EagleMed.

17. Plaintiff later became a full-time Flight Paramedic with EagleMed.

18. Plaintiff's immediate supervisor, at the time of his termination, was Belinda Gobeli, Clinical Supervisor/Flight Nurse.

19. During Plaintiff's employment with Defendant, he was not counseled or reprimanded.

20. During Plaintiff's employment with Defendant, he was not rude to customers, clients, or family members, this includes ambulance crews.

21. Plaintiff would routinely speak in a professional manner and was courteous to Defendant's employees including his co-workers, supervisors, crewmembers, teaching students and other medical professionals.

22. Plaintiff currently is, and was during his employment with Defendant, a member of the United States Army, with the current rank of Sergeant.

23. Plaintiff's service in the U.S. Army requires him to participate in military training and periods of active duty deployments.

24. During Plaintiff's employment with Defendant, it did not accommodate him with regards to scheduling his shits or any replacement shifts prior to or after his return from his military training and deployments.

25. Plaintiff was instructed that he could not swap his days, like other non-military employees, and that he would have to be short the missed day(s) in the pay period that was effected by his military training or deployment.

26. Defendant expressed its distain and frustration to Plaintiff regarding his military drill and informed Plaintiff that it would not accommodate him by allowing him to maintain his regular number of hours.

27. As a result of Defendant's actions related to Plaintiff's military training and deployment, he was shorted time, not scheduled for shifts, whether full or partial, before or after his military training periods and was treated less favorably than the other non-military reserve or active duty employees.

28. During Plaintiff's employment with Defendant, he had not been the subject of disciplinary action and performed the duties and responsibilities of his position in a more than satisfactory manner.

29. On December 10, 2015, Plaintiff was working the day shift prior to leaving for his four (4) day mandatory battalion drill when he was involved in an incident with a female flight nurse who accused him of speaking to her in an unprofessional manner.

30. On December 10, 2015, at 3:00 pm, a flight came in and Plaintiff asked a female flight nurse, Ms. Cuppia, to contact the sending facility, something that is regularly done.

31. When Ms. Cuppia did not comply with Plaintiff's request the two of them exchanged words, not uncommon at times between Defendant's employees, with nothing else being said about this incident.

32. After his shift, Plaintiff departed for his mandatory battalion drill time. During his drill leave, Plaintiff was contacted about the exchange between Cuppia and himself.

33. Plaintiff was requested to provide a statement by December 15, 2015.

34. On December 14, 2015, the day Plaintiff returned from his drill leave, he was called into a meeting with Defendant's human resources personnel, his director and the regional director.

35. Plaintiff was asked a couple of questions about what had happened and was then informed that was being terminated for being disrespectful with a crewmember.

36. After Plaintiff's termination, Defendant sent out an e-mail that stated that it had a zero tolerance policy for disrespect of a fellow crewmember.

37. Defendant's zero tolerance policy was not in effect at the time Plaintiff was terminated.

38. Prior to Plaintiff's termination, Defendant had knowledge of and regularly allowed Ms. Cuppia to engage in disrespectful and abusive behavior towards other male crewmembers.

39. Defendant held Ms. Cuppia to a different standard than her male co-workers including Plaintiff, as she was not terminated nor similarly disciplined for her disrespectful and abusive behavior.

## *FIRST CAUSE OF ACTION*
*(USERRA INTERFERENCE CLAIM)*

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if set forth herein.

41. Defendant unlawfully denied or interfered with Plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq.

42. Defendant's acts were with malice and with reckless disregard for Plaintiff federally protected rights.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(USERRA RETALIATION CLAIM)*

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if set forth herein.

45. Defendant unlawfully denied and retaliated against Plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq.

46. Defendant's acts were with malice and with reckless disregard for Plaintiff federally protected rights.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *THIRD CAUSE OF ACTION*
*(Title VII - Gender Discrimination)*

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

49. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of the Title VII of the Civil Rights Act of 1964.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
*(Florida Civil Rights Act - Gender Discrimination)*

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if set forth herein.

52. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of the Florida Civil Rights Act.

53. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

a) Declare Defendant in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).

b) Order Defendant to reinstate Plaintiff to his prior position of employment without a break in service or change in shift or hours worked, or if such reinstatement is not feasible, to order Plaintiff compensation for lost earning capacity and future earnings and benefits.

c) Order Defendant to make Plaintiff whole by compensating him for past and future pecuniary losses, including expenses, lost past earnings and benefits of employment, and medical and health care expenses caused by Plaintiff's loss of employment opportunity.

d) Order defendant to pay Plaintiff liquidated damages.

e) Award Plaintiff the costs of his suit and reasonable attorney fees, costs and expert witness fees pursuant to 38 U.S.C. § 4323(h)(2).

f) Order Defendant to pay prejudgment interest and post judgment interest in all amounts due to Plaintiff as a result of this action.

g) Declaring the acts and practices complained of herein are violation of Title VII

and the Florida Civil Rights Act (FCRA);

h) Enjoining and permanently restraining those violations of Title VII and the Florida Civil Rights Act (FCRA);

i) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

j) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

k) Awarding Plaintiff Front Pay in lieu of reinstatement;

l) Awarding Plaintiff compensatory damages;

m) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

n) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: February 23, 2017.    By:    */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff, Michael Mcardell